UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADEL JIMENEZ,

        Plaintiff,

v.                        Case No. 8:14-cv-1714-T-33TGW

TRACY MARTINELL HENRY and
ANDERSON/PINCARD LAW GROUP,

        Defendants.

_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiff Adel Jimenez's pro se Motion for Leave to File an Amended Complaint, filed on July 28, 2014. (Doc. # 8). For the reasons stated below, the Motion is denied.

**Discussion**

    Jimenez initiated this action on July 15, 2014, by filing his Complaint against Tracy Martinell Henry, Esq. and the Anderson/Pincard Law Group on July 15, 2014. (Doc. # 1). In his Complaint, Jimenez explains that he retained Defendants to represent him in an employment discrimination case in this Court, but Defendants did not achieve a favorable outcome for him. (Id. at 2). At this juncture, Jimenez sues Defendants for legal malpractice and other claims. Specifically, his

Complaint enumerates fourteen counts against Defendants, including "Legal Malpractice, Breach of Contract, Filing Defective Documents, Active Negligence, Defective Process, Misrepresentation, Failure to Prosecute, [and] Obstruction of Justice." (Doc. # 1).

On July 21, 2014, after liberally construing the Complaint, the Court dismissed the case for lack of subject matter jurisdiction. (Doc. # 6). Because Jimenez alleged that both Defendants are located in Clearwater, Florida, and that he himself lives in Tampa, Florida, the Court found that it did not have diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Id.).[1] Furthermore, as Jimenez did not present any claims arising under the laws of the United States, the Court found that it did not have federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Id.).

In his present Motion, Jimenez seeks leave to amend his Complaint. (Doc. # 8). Jimenez asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Defendants violated his Seventh Amendment right to a jury trial. (Id. at 2). As the Eleventh Circuit stated in

---

[1] In Jimenez's present Motion, he concedes that the requirements for diversity jurisdiction are not present in this case. (Doc. # 8 at ¶ 4).

Freeman v. Rice, 399 F. App'x 540, 544 (11th Cir. 2010), "The dismissal of a complaint by a district court terminates the plaintiff's right to amend under Federal Rule of Civil Procedure 15(a)." Although such a motion may be appropriate after dismissal of a case in certain limited circumstances, the Court finds that this case does not present such a circumstance.

In Nalls v. Countrywide Home Servs., LLC, 279 F. App'x 824, 824 (11th Cir. 2008), the court affirmed a district court's sua sponte dismissal of a pro se plaintiff's complaint for lack of subject matter jurisdiction. In that case, the plaintiff contended that federal question jurisdiction existed pursuant to the Seventh Amendment, the Supremacy Clause, and Article I, Section 10 of the Constitution, but the Court found that federal question jurisdiction did not exist because the plaintiff only alleged state law claims, none of the constitutional provisions plaintiff mentioned "conferred subject matter jurisdiction in and of themselves," and the plaintiff's complaint did not allege a violation of any of the constitutional provisions. See id.

Similarly, the factual allegations Jimenez describes in his Complaint and in his Motion to Amend only concern state law claims and do not support a claim that Defendants violated

Jimenez's federal rights.   Jiminez's mere reference to the Seventh Amendment does not confer subject matter jurisdiction upon this Court. <u>See</u> <u>Franchise Tax Bd. v. Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983).

The Court notes that Jiminez previously pursued a discrimination action against his former employer under Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and the Family and Medical Leave Act. <u>See</u> (Case No. 8:11-cv-1676-T-33EAJ).   Jiminez's counsel, Defendants in the present action, moved to withdraw from representing Jiminez due to ethical concerns that arose during their representation of Jiminez. (Case No. 8:11-cv-1676-T-33EAJ, Doc. 37).   The Court denied the Motion to Withdraw because it lacked a certificate of service. (Case No. 8:11-cv-1676-T-33EAJ, Doc. # 39).   The Court authorized Jiminez to file a Third Amended Complaint in that action, but such complaint was never filed, and the Court accordingly closed the case. (Case No. 8:11-cv-1676-T-33EAJ, Doc. # 40).

The type of claims Jiminez raised in his prior employment discrimination action are generally recognized as triable by a jury; the dismissal of those claims by this Court, however, does not give rise to a Seventh Amendment claim against Jiminez's former counsel in the present case.

4

Here, Jiminez concedes that the Court lacks diversity jurisdiction, and due to the nature of the case, it is apparent that the Court's federal question jurisdiction has not been invoked and could not be invoked by the filing of an amended complaint.  The Court determines that any amendment of Jiminez's Complaint in an effort to obtain relief against his former counsel would be futile due to fatal jurisdictional defects.  The Motion is thus denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 8) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of August, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record